# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PETE ARCHULETA ,

        Plaintiff,

v.                                                                   No.  98cv1130 BB/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

        This matter is before the Court on Plaintiff's (Archuleta's) Motion to Reverse or Remand Administrative Decision, filed July 12, 1999. The Commissioner of Social Security issued a final decision denying Archuleta's application for disability insurance benefits. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well taken and recommends that it be GRANTED.

        Archuleta, now fifty-two years old, filed his application for disability insurance benefits on October 28, 1994, alleging disability since August 10, 1989.  Prior to the October 28, 1994 application, on June 1, 1990, Archuleta filed an application for disability insurance benefits which the Commissioner's Administrative Law Judge (ALJ) denied on September 7, 1993.  Archuleta did not appeal the ALJ's decision.  Because Archuleta alleged an onset date within the period of

the prior application in the October 28, 1994 application, the current ALJ interpreted this as Archuleta's request to reopen the September 7, 1993 decision by implication. Under the doctrine of administrative *res judicata* the current ALJ declined to reopen Archuleta's prior application. Additionally, Archuleta's earnings record indicates that his eligibility for disability insurance benefits expired on September 30, 1995.

In his October 28, 1994 application, Archuleta claimed the following impairments: (1) degenerative disc disease with chronic spinal pain; (2) depression; and (3) tinnitus. On April 2, 1997, the ALJ denied benefits because she found Archuleta "was not disabled because he could perform the full range of light work prior to September 30, 1995, his date last insured." Tr. 12. On July 23, 1998, the Appeals Council concluded there was no basis under Social Security Administration regulations for granting Archuleta's request for review. Thus, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Archuleta seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

In her April 2, 1997 decision, the ALJ found Archuleta's medical records indicated Archuleta had a degenerative disc disease and tinnitus, a severe medical impairment by regulatory definition. Tr. 13. However, the ALJ found Archuleta's degenerative disc disease and tinnitus did not meet or equal any listed impairment in Appendix 1 of the regulations. *Id.* The ALJ also found Archuleta had the residual functional capacity (RFC) to perform the full range of light work prior to September 30, 1995. *Id.* Accordingly, the ALJ found Archuleta was not disabled.

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992).

2

Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand, Archuleta makes the following arguments: (1) the ALJ erred in failing to have a vocational expert present and instead relied upon the Medical-Vocational Guidelines (grids) even though Archuleta had nonexertional impairments of

chronic spinal pain, depression, tinnitus, and sleep apnea; (2) the ALJ failed to appropriately

address the medical evidence documenting Archuleta's chronic spinal pain resulting from a

worker's compensation injury; (3) the ALJ failed to assess Archuleta's exertional and

nonexertional impairments of chronic pain, tinnitus, depression, and sleep apnea; and (4) the ALJ

failed to make appropriate and accurate credibility findings.

In response, the Commissioner argues, *inter alia,* that review of these issues is barred

because Archuleta failed to specifically raise them before the Appeals Council as required by

*James v. Chater,* 96 F.3d 1341 (10th Cir. 1996). In *James,* the Tenth Circuit held issues not

brought to the attention of the Appeals Council on administrative review may be deemed waived

on subsequent judicial review. *James*, 96 F.3d at 1344. *James* applies prospectively from

September 19, 1996. *Id.* Archuleta filed his request for review on July 23, 1998. Archuleta did

not raise any specific points in his generalized, one-sentence request for review which was filed by

his attorney. Tr. 3. Archuleta was represented by counsel during the administrative

proceedings. In light of the foregoing considerations, judicial review of the specific issues is

barred by *James.* However, because the *James* opinion is on questionable footing in light of

*Johnson v Apfel*, 189 F.3d 561 (7th Cir. 1999), the Court will decide the case on the merits. *See*

*Jones v. Apfel,* 202 F.3d 282, 2000 WL 3875 (10th Cir. Okla.)(unpublished opinion).

The Court agrees with Archuleta's assertion that the ALJ erred by conclusively applying

the grids. Although the mere presence of a nonexertional impairment does not automatically

preclude reliance on the grids, use of the grids is foreclosed to the extent that nonexertional

impairments further limit the range of jobs available to the claimant. *Channel v. Heckler*, 747

F.2d 577, 583 n. 6 (10th Cir. 1984). In other words, the grids should not be applied conclusively

unless the claimant could perform the full range of work required of that category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range. *Id.* Moreover, "resort to the grids is particularly inappropriate when evaluating nonexertional limitations such as pain and mental impairments." *Hargis v. Sullivan*, 945 F.2d 1482, 1490 (10th Cir. 1991). In assessing the extent to which a claimant's ability to work is eroded by his non-exertional impairments, the ALJ will normally need to obtain the testimony of a vocational expert. *Id.* at 491.

In this case, the ALJ's conclusion that "claimant has the RFC to perform the full range of light work" because "his degenerative disc disease and tinnitus does not reduce his RFC below that of light work" is not supported by substantial evidence. The record clearly establishes Archuleta's pain limits his ability to work. The record indicates that various doctors examined Archuleta and diagnosed him with severe pain requiring strong narcotic analgesics. Tr. 91, 92, 93. In fact, on November 14, 1994, Dr. Ferber examined Archuleta in the emergency room and noted he had been diagnosed by MRI with L-5 disc herniation and was experiencing **acute** pain. Tr. 91. On remand, the ALJ should complete the sequential evaluation analysis, especially her assessment of Archuleta's RFC, in light of his severe nonexertional pain impairment, tinnitus, depression, and sleep apnea. Accordingly, in light of all the evidence of record, it was improper for the ALJ to rely solely on the grids at step five. Therefore, the case must be remanded in order to obtain vocational expert testimony at step five.

Furthermore, in evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain, and (3) whether, in light of all the

evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)). In this case, the ALJ concluded Archuleta's pain was "mild and alleviated with medication and exercise" and "not constant, unremitting and wholly unresponsive to treatment." Tr. 19. This conclusion goes against the weight of the evidence. The record reflects Archuleta's treating physicians, noted the pain as "acute and chronic" and treated it aggressively with percocet, a narcotic analgesic. Tr. 92, 93. On remand, the ALJ should expressly follow the *Luna* pain analysis and not ignore evidence favorable to Archuleta.

Archuleta also argues the ALJ did not properly assess his credibility. The Court agrees. The ALJ found Archuleta's testimony was not fully credible. While it is true that this Court generally defers to credibility determinations of the ALJ, such deference is not absolute. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). The ALJ's credibility determination is not supported by substantial evidence. A remand is required due to this omission. *Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995). On remand, the ALJ should reevaluate Archuleta's credibility. On remand, the ALJ should also link her credibility determination with specific evidence of record, analyze Archuleta's complaints of disabling pain, and appropriately apply the *Luna* pain analysis.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and her decision is not supported by substantial evidence. Archuleta's Motion to Reverse or Remand Administrative Decision, filed July 12, 1999, should be granted. This case should be remanded to the Commissioner to allow the ALJ (1) to complete the sequential evaluation process with appropriate consideration

6

accorded to Archuleta's severe pain impairment, depression, tinnitus, and sleep apnea; (2) to reevaluate his credibility; (3) to link her credibility determination with specific evidence of record; (4) to analyze Archuleta's complaints of disabling pain under the *Luna* pain analysis; (5) and to complete the sequential evaluation process at step five without reliance on the grids.


JOE H. GALVAN
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.